Eugene R. Colloty et al.

*v.*

Joseph Stein.

[Submitted July 10th, 1912. Determined July 10th, 1912.]

Suit does not lie to restrain defendant from trespassing upon or occupying land claimed by complainants until determination of the title to such land in a pending action in ejectment; it appearing that no irreparable injury to complainants will result, and it not being claimed that defendants are unable to respond in damages.

---

Hearing on return of order to show cause.

The bill avers that complainants and defendant own adjoining tracts of land; that defendant has made claim to a portion of the land owned by complainants and has instituted in the supreme court an action of ejectment against complainants for the recovery of the land so claimed by him; that since instituting the action of ejectment defendant has commenced the erection of a building which extends over the boundary line and about twelve inches on the land owned by complainants and to which defendant claims title. The bill seeks an injunction to restrain defendant from further trespassing upon or occupying the land

of complainants until the title to the property be determined in the pending action at law.

At the return of an order to show cause for a preliminary injunction defendant has filed affidavits setting forth the title of defendant to the land which the partially constructed building occupies.

*Messrs. Bourgeois & Coulomb,* for the complainants.

*Mr. Clarence L. Goldenberg,* for the defendant.

LEAMING, V. C.

Complainants urge that because an action of ejectment is pending to determine the legal title to the land on which defendant is now beginning the erection of a building this court should interfere and preserve the present status by enjoining defendant from further proceeding with the proposed work. That contention wholly overlooks the well-defined limitations to the jurisdiction of this court in controversies in which the basis of the bill is the interference by defendant with complainants' enjoyment of his legal estate in lands. While the bill seeks no more than the preservation of existing conditions, pending a determination of the legal title by a court of law, its real purpose is to restrain defendant during that period from trespassing on the land which both complainants and defendant claim to own. It is entirely clear that the suit can be regarded in no aspect other than as a suit for the single purpose of restraining a trespass on lands. The nature and quality of the relief sought is unchanged by the circumstance that the period of restraint is limited. In all such cases the jurisdiction of this court is strictly limited to instances in which the preventive writ is necessary to preclude irreparable damages. Beginning with *West v. Walker, 3 N. J. Eq. (2 Gr. Ch.) 279,* and extending to *Ballentine v. Harrison, 37 N. J. Eq. (10 Stew.) 560,* the adjudications in this state have been entirely uniform to that effect. In *Ballentine v. Harrison, supra,* Chief-Justice Beasley, speaking for the court of errors and appeals, says: "It will be observed that unless the imminence of irreparable damage be the test of

the right of equitable cognizance over cases which involve simply legal rights, the result must be that such cognizance exists in every case of a continual invasion of the land of another. If a tortious taking and holding of real property lay the ground for such jurisdiction, then necessarily the equitable and the legal power to take such matters in charge is concurrent. Such a doctrine is unknown to the law; and the opposite doctrine is that which has always, in theory, at all events, been maintained in this state. No case can be found in the volumes of our reports that purports to hold that the mere taking possession of lands and holding them *vi et armis* will form a basis for the arrest of the doing of such wrong by the arm of equity. All the authorities cited in the brief of counsel from our own reports, with the exception of such as involve the act of railroad and similar corporations entering without right on lands owned by other persons, and which class rest upon a well-known principle peculiar to themselves, repudiate such a right of equitable jurisdiction."

I know of no case in which the principles defined in *Ballentine* v. *Harrison* have been disregarded.

In the present case no irreparable injury can be sustained by complainants by reason of the trespass of which they complain. The acts complained of involve no destruction of the inheritance; defendants are not alleged to be unable to respond in damages, and the law courts afford adequate means for redress of grievances of the nature of those presented by the bill.

The present bill not only seeks an injunction against a trespass on lands which involves no irreparable injury to complainants, but the bill discloses on its face that the legal title to the lands, protection of which is sought, is in dispute, and the affidavits filed in behalf of defendant disclose that the dispute touching the title is of a substantial nature and involves legal questions only. While the bill does not seek a final adjudication by this court touching the title to the land, the circumstances stated render it peculiarly improper for this court to interfere except in a case of absolute necessity to prevent irreparable injury. *Hart* v. *Leonard, 42 N. J. Eq. (15 Stew.) 416; Outcalt* v. *Helme Company, 42 N. J. Eq. (15 Stew.) 665; Todd* v. *Staats, 60 N. J. Eq. (15 Dick.) 507.*

I will advise an order discharging the order to show cause.